Anthony Opoku

Mesa Verde Detention Facility

425 Golden State Avenue

Bakersfield, CA 93301

PRO SE PETITIONER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY OPOKU,

    Petitioner,

v.

TIMOTHY S. AITKEN, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; SARAH R. SALDAÑA, Director, United States Immigration and Customs Enforcement; JEH JOHNSON, Secretary, United States Department of Homeland Security; LORETTA LYNCH, United States Attorney General; and RON MURRAY, WARDEN GEO Group Mesa Verde Detention Facility,

    Respondents.

Case No. CV15 4124 (PR)

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Petitioner Anthony Opoku petitions this Court for a writ of habeas corpus to remedy Petitioner's indefinite detention by Respondents.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction and may grant relief under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1651 (All Writs Act), and 28 U.S.C. § 1331 (federal question). This Court also has jurisdiction to hear this case under the Suspension Clause of Article I of the

United States Constitution. *INS v. St. Cyr*, 533 U.S. 289 (2001).

2. Because Petitioner challenges his custody, jurisdiction is proper in this Court. While the courts of appeals have jurisdiction to review removal orders through petitions for review, *see* 8 U.S.C. §§ 1252(a)(1) and (b), the federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions by noncitizens challenging the lawfulness of their detention. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006).

3. Petitioner has exhausted any and all administrative remedies to the extent required by law.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C §§ 1391(b) and (e) because a substantial part of the events or omissions giving rise to these claims occurred in this district. All material decisions have been made at the San Francisco Field Office of Immigration and Customs Enforcement (ICE), which is located in this judicial district.

## PARTIES

5. Petitioner is a noncitizen who is currently detained by Immigration and Customs Enforcement (ICE) at the Mesa Verde Detention Facility in Bakersfield, California.

6. Respondent Timothy S. Aitken is the Field Office Director for the San Francisco Field Office of ICE. Respondent Aitken has the authority to order Petitioner's release or continued detention. As such, Respondent Aitken is a legal custodian of Petitioner.

7. Respondent Sarah R. Saldaña is the Director of ICE. As the head of ICE, an agency within the United States Department of Homeland Security that detains and removes certain noncitizens, Respondent Saldaña is a legal custodian of Petitioner.

8. Respondent Jeh Johnson is the Secretary of the United States Department of Homeland Security. He is responsible for the implementation and enforcement of the immigration laws and oversees ICE. As such, Respondent Johnson has ultimate custodial authority over Petitioner.

9. Respondent Loretta Lynch is the Attorney General of the United States. As the

head of the United States Department of Justice, which oversees the immigration courts, Respondent Lynch shares responsibility for enforcement of the immigration laws with Respondent Johnson.

10. Respondent Ron Murray, the Warden of the Mesa Verde Detention Facility, is also a legal custodian of Petitioner.

11. All Respondents are sued in their official capacities.

## FACTUAL ALLEGATIONS

12. Petitioner Anthony Opoku was born in Ghana.

13. Petitioner entered the United States on or about August 5, 2013 at the San Ysidro port of entry near San Diego, California and sought asylum.

14. Petitioner was detained by Immigration and Customs Enforcement on or about August 5, 2013. Petitioner has remained in ICE custody since that date.

15. An Immigration Judge ordered Petitioner removed from the United States on or about December 23, 2013. Petitioner did not appeal the Immigration Judge's decision to the Board of Immigration Appeals (BIA).

16. Petitioner has cooperated fully with all of ICE's efforts to remove Petitioner.

17. Nonetheless, ICE has been unable to remove Petitioner from the United States. ICE is unlikely to be able to remove Petitioner because Ghana refuses to issue a travel document.

## LEGAL FRAMEWORK

18. In *Zadvydas v. Davis*, the Supreme Court held that the immigration statute 8 U.S.C. § 1231(a)(6) does not allow ICE to detain a noncitizen indefinitely while attempting to carry out removal. 533 U.S. 678, 689 (2001). Because of the "serious constitutional problem" posed by indefinite detention, the Court read the statute to limit a noncitizen's detention to "a period reasonably necessary to bring about that alien's removal from the United States." *Id.*

19. The Court also recognized six months as the "presumptively reasonable period" of

post-removal order detention. *Id.* at 701. After six months, once the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing. *Id.* Moreover, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

20. In *Clark v. Martinez*, the Supreme Court held that its ruling in *Zadvydas* applies equally to noncitizens who have never been admitted to the United States. 543 U.S. 371 (2005).

## CLAIM FOR RELIEF

## VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT

21. The foregoing allegations are realleged and incorporated herein.

22. Petitioner's continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. The six-month presumptively reasonable period of detention has expired and Petitioner has provided good reason to believe that his or her removal is not significantly likely to occur in the reasonably foreseeable future. Therefore, Respondents lack authority to continue detaining Petitioner.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue an order pursuant to 28 U.S.C. § 2243 directing Respondents to show cause why the writ of habeas corpus should not be granted;

c. Grant the writ of habeas corpus and order Petitioner's immediate release from custody;

d. Grant any other and further relief as the Court deems just and proper.

Date: _____    Signature: _____
                                              Petitioner

PETITION FOR WRIT OF HABEAS CORPUS