Anthony Opoku
Mesa Verde Detention Facility
425 Golden State Avenue,
Bakersfield, CA 93301

Pro Se Respondent



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY OPOKU, | Case No. CV15 4124  |
| Petitioner, | |
| v. | MOTION FOR APPOINTMENT OF COUNSEL |
| TIMOTHY S. AITKEN, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; SARAH R. SALDAÑA, Director, United States Immigration and Customs Enforcement; JEH JOHNSON, Secretary, United States Department of Homeland Security; SARAH R. SALDAÑA LORETTA LYNCH, United States Attorney General; and RON MURRAY, Warden, GEO Group Mesa Verde Detention Facility, | |
| Respondents. | |

Petitioner Anthony Opoku is a citizen of Ghana. Petitioner is in ICE custody in the United States, but has been ordered removed to Ghana by an immigration judge. Petitioner's removal order is final, but Petitioner cannot be removed to Ghana or any other country. Thus, Petitioner remains indefinitely detained in ICE custody, and has been confined for a period longer than the law mandates. Under 8 U.S.C. § 1231(a)(1)-(2), once an alien has been ordered removed, the Attorney General must carry out the removal within a period of 90 days, during which time the alien shall be detained. The post-removal-period of the same statute, 8 U.S.C. § 1231(a)(6),

---
PETITION FOR WRIT OF HABEAS CORPUS

allows for certain aliens to be detained beyond the removal period, but the Supreme Court explicitly limited this detention period in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In that case, the Court held that § 1231(a)(6) restricts an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal, and that it "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The Court found that a presumption exists that an alien may not be held longer than six months; the general rule is that an alien may no longer be confined when there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. In *Clark v. Martinez*, the Supreme Court extended this holding to inadmissible aliens. 125 S.Ct. 716, 722 (2005).

The question as to whether Petitioner's detention is in violation of the laws of the United States is one for a federal habeas court to hear. 28 U.S.C. § 2241. Accordingly, Petitioner files the accompanying habeas corpus petition, pursuant to 28 U.S.C. § 2241, requesting that this court order Petitioner's release. Petitioner is unable to afford an attorney, as he was detained when he came to the United States seeking detention and has remained in detention for the past two years. Therefore, Petitioner requests that this Court appoint counsel to represent Petitioner in this habeas action.

### I.     The Court Should Exercise Its Discretion to Appoint Counsel

Assuming that a Petitioner has shown financial need, a district court may appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Courts have often examined three elements in determining whether appointment of counsel is necessary: the likelihood of success on the merits, the complexity of the legal issues involved in this case, and the ability of the Petitioner to present the case in light of its complexity. *See e.g., Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *Saldina v. Thornburgh*, 775 F.Supp. 507, 511 (D. Conn. 1991). Petitioner has been held in custody for over nineteen months since being ordered removed to Ghana, and removal in the reasonable foreseeable future is unlikely because Ghana will not accept Petitioner. Under the Supreme

Court's decision in *Zadvydas*, Petitioner's continued detention is presumptively unreasonable. Thus, Petitioner has a high likelihood of success on the merits.

Moreover, Petitioner would encounter great difficulty in presenting this habeas corpus case alone. The House Report on the predecessor to § 3006A(a)(2)(B) recognized that habeas corpus proceedings often present "serious and complex issues of law and fact" that would necessitate the assistance of counsel. H.R. Rep. No. 1546, 91st Cong. 2d Sess. (1970), *reprinted in* 1970 U.S.C.C.A.N. 3982, 3993. In addition, the congressional report on § 3006(A)(2)(B) stated that a court *should* appoint counsel when "necessary to insure a fair hearing." *Id.* The complexity of a habeas case will pose an especially great obstacle for Petitioner. Petitioner is a lay person without any special education in the law. The issues presented are complex, and his fundamental right to freedom is at stake. It would be difficult for Petitioner to respond to any defenses raised by ICE without the assistance of counsel. Petitioner is a recent immigrant to the United States with a limited understanding of the American legal system. In light of the complicated issues involved in habeas cases and Petitioner's inability to adequately present the case at bar, as well as Petitioner's likelihood of success on the merits, this Court should exercise its discretion to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B).

II. **Appointment of Counsel is Necessary Because Discovery is Imperative**

The rules governing habeas proceedings require the appointment of counsel in certain circumstances.[1] Under Rule 6(a), 28 U.S.C. foll. § 2254, a judge must appoint counsel for a Petitioner if it is "necessary for effective utilization of discovery procedures." ICE has information and documents relevant to Petitioner's habeas petition, and without the assistance of counsel, Petitioner will not be able to effectively pursue discovery and, as a result, will not adequately present his claims. The aid of an attorney is especially important in this case, given

---

[1] The rules cited in sections II and III typically govern those habeas corpus cases brought under § 2254. However, these rules may be applied to habeas cases that do not fall under § 2254 – such as those cases arising under § 2241 – at the discretion of the court. Rule 1(b), 28 U.S.C. foll. § 2254.

Petitioner's lack of familiarity with the legal procedure involved in requesting and obtaining discovery. Moreover, even if Petitioner were to obtain documents in discovery, without the assistance of counsel, Petitioner would not be capable of analyzing them to determine his likelihood of being removed in the foreseeable future.

### III. An Evidentiary or Motions Hearing May Be Necessary

Under Rule 8(c), 28 U.S.C. foll. § 2254, the court is required to appoint counsel in a habeas proceeding if an evidentiary hearing is needed. An evidentiary hearing will likely be necessary in this case. Regardless of any other issues, if an evidentiary hearing is scheduled, the court must appoint counsel for Petitioner.

For the above reasons, this Court should appoint counsel to assist Petitioner in instant habeas proceedings challenging Petitioner's detention by ICE, pursuant to the Supreme Court decisions in *Zadvydas* and *Martinez*.

Dated:                                    Respectfully submitted,

                                          _____

                                          Anthony Opoku
                                          Pro Se Petitioner