UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY OPOKU,

    Petitioner,

    v.

TIMOTHY S. AITKEN, et al.,

    Respondents.

Case No. 15-cv-04124-JST (PR)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

Petitioner, a removable alien previously detained on behalf of the Department of Homeland Security ("DHS") at the Mesa Verde Detention Facility in Bakersfield, California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court dismisses the petition as moot.

## BACKGROUND

According to the petition, petitioner, a Ghanian national, arrived in the United States on or around August 5, 2013, and sought asylum. Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on or around August 5, 2013. On or around December 23, 2013, an immigration judge ordered petitioner removed from the United States. Petitioner did not appeal this order.

Petitioner filed the instant federal petition on September 10, 2015. Petitioner claimed that he had cooperated fully with ICE's efforts to remove him but ICE had been unable to remove him because Ghana refused to issue a travel document for him. Petitioner argued that his removal was no longer reasonably foreseeable, and thus that his detention was no longer authorized by statute.

On November 10, 2015 and November 12, 2015, mail sent to petitioner from the Court was returned as undeliverable with the notation that he was no longer in custody. On November

16, 2015, respondents filed a status report regarding petitioner stating that as of October 15, 2015, petitioner was released from ICE custody on an order of supervision.

## DISCUSSION

Article III, § 2, of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Once a case no longer presents a live Article III case or controversy, it is moot. Abdala v. INS, 488 F.3d 1061, 1063 (9th Cir. 2007).

A habeas petition is moot where the petitioner has been removed or released and there are no "collateral consequences" that would be redressed by granting a habeas petition where the alien is challenging the underlying conviction or removal order. See id. at 1064 (citing examples where removal of alien without addressing the underlying conviction would mean that alien was barred for a number of years from reentering the country).

Here, petitioner has received the relief that he requested of the court: to be released pending his removal order. ICE released petitioner in October 2015. There are no "collateral consequences" for petitioner that success on his habeas petition can remedy, because petitioner did not challenge his underlying conviction or removal order. Thus, petitioner's case is moot.

## CONCLUSION

Accordingly, the petitioner's case is DISMISSED as moot. The Clerk shall enter judgment and close the file.

Respondents are requested to inform the Court of petitioner's new address so that the Clerk can send petitioner a copy of this order.

IT IS SO ORDERED.

Dated: November 19, 2015

JON S. TIGAR
United States District Judge